IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZEN AWARENESS PROJECT, INC., ) | |
| ) | |
| *Plaintiff,* ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Defendant.* ) | |

**EMERGENCY MOTION TO MODIFY DEPOSITION SUBPOENA
AND MOTION FOR PROTECTIVE ORDER**

Third party witness Holly O. Paz respectfully requests that the Court enter an order, pursuant to Federal Rule of Civil Procedure 26(c) or 45(d), modifying a deposition subpoena served upon Ms. Paz to provide that, for the reasons described below, the deposition shall be recorded solely by stenographic means. In the alternative, Ms. Paz seeks a protective order pursuant to Rule 26(c) designating the videotape of her deposition as confidential and restricting the dissemination of the deposition video to the attorneys of record in this action. In support thereof, Ms. Paz states as follows:

**I.    Factual Background**

This motion pertains to a case pending in the United States District Court for the District of Colorado, captioned: *Citizen Awareness Project, Inc. v. United States of America*, Case No. 1:13-cv-02127-WJM-BNB (the "*CAP* Action"). In the *CAP* Action, Citizens Awareness Project, Inc. ("CAP") alleges that the Internal Revenue Service ("IRS") violated 26 U.S.C. § 6103 by disclosing its application for tax-exempt status, which contained tax return information. CAP

seeks damages pursuant to 26 U.S.C. § 7431, which provides a civil damages remedy for tax payers whose tax return information has been disclosed in violation of § 6103.

During the time period relevant to the underlying action, Ms. Paz served as Director of Exempt Organizations Rulings and Agreements at the IRS. Declaration of Holly O. Paz (Oct. 23, 2014) ("Paz Declaration"), at 1 [attached hereto as Exhibit 1]. Ms. Paz is not party to the *CAP* Action. Ms. Paz, however, was sued in her individual capacity – along with several other former and current IRS officials – in several cases, including two cases dismissed by this Court today: *Linchpins of Liberty, et al. v. United States, et al.*, Civil Action No. 1:13-cv-00777-RBW, ECF Nos. 95-96, and *True the Vote, Inc. v. United States, et al.*, Civil Action No. 1:13-cv-00734-RBW, ECF Nos. 102-103.[1] These cases arise from allegations made by conservative "Tea Party" organizations that the IRS has improperly targeted them in processing their applications for tax-exempt status.

Since these allegations were first made in 2013, Ms. Paz has cooperated with congressional committees, the Treasury Inspector General for Tax Administration, and U.S. Department of Justice and IRS investigators. She has testified before congressional committees and responded to numerous requests for information.

In that time frame, Ms. Paz has been subjected to continued harassment, oppression and intimidation, including threats of bodily harm to her and her family, including her young children. Ms. Paz has received threatening phone calls, messages and visits to her home. For example, a stranger claiming to be a reporter has harassed and followed her son home from the school bus. On another occasion, a process server tried to forcibly enter Ms. Paz's home and

---

[1] In July 2014, the U.S. District Court for the Southern District of Ohio also dismissed a lawsuit in which Ms. Paz also was sued in her individual capacity – along with several other former and current IRS officials. *NorCal Tea Party Patriots, et al. v. I.R.S.*, Civil Action No. 1:13-cv-341, ECF No. 102.

was escorted away by police. *See* Paz Declaration at 1-2. *See also* Letter from Roel Campos, Partner, Locke Lord LLP (Aug. 27, 2013) [attached hereto as Exhibit 2].

On another occasion, a man who Ms. Paz does not know sent an email to her lawyer enclosing pictures of himself and expressing an interest in meeting her to pursue a relationship. Most recently, two men went to Ms. Paz's home and knocked on the door several times throughout the day. Paz Declaration at 2. One man carried a device to record any potential conversation. Ms. Paz contacted the police and the Treasury Inspector General for Tax Administration to report these individuals outside her home. *Id.* at 2. The harassment has been so continuous that she has had to change her home telephone number. *Id.* at 1.

In the *CAP* Action, the District of Colorado issued a subpoena commanding Ms. Paz to appear to testify at a deposition on October 28, 2014, in Washington, D.C. [attached hereto as Exhibit 3]. The subpoena provides that the deposition will be recorded by stenographic and videotape means.[2] Ms. Paz does not object to providing deposition testimony in the *CAP* Action and, indeed, waived service of the subpoena. Ms. Paz seeks only an order precluding her deposition from being videotaped for fear that the video will be used publicly as another means of harassment and intimidation, as stated more fully below.

## II. Argument

There is good cause to issue a protective order preluding CAP from videotaping Ms. Paz's deposition. A protective order is necessary to protect the witness "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). *See also* Fed.

---

[2] Counsel has in good faith complied with the duty to confer set forth in Federal Rule of Civil Procedure 26(c) and Local Rule 7(m) before filing this Motion. Counsel for Ms. Paz sent counsel for *CAP*, the party that seeks to take Ms. Paz's deposition, an email to determine whether counsel would agree not to videotape Ms. Paz's deposition. Counsel for Ms. Paz has not received a response from counsel for CAP as of the filing of this motion.

R. Civ. P. 45(d)(3) ("the court for the district where compliance is required must quash or modify a subpoena that: . . . (iv) subjects a person to undue burden.").

Ms. Paz has good cause to fear that clips of her videotaped deposition may be obtained by the media, bloggers or other members of the public to subject her to further harassment, annoyance, oppression and undue burden. Indeed, courts have recognized that "[v]ideotapes are subject to a higher degree of potential abuse than transcripts. They can be cut and spliced and used as 'sound-bites' on the evening news or sports shows." *Felling v. Knight*, No. 01-0571-C-T/K, 2001 WL 1782360, *3 (S.D. Ind. Dec. 21, 2001) ("potential embarrassment the Non–Parties would suffer at seeing their deposition performances displayed repeatedly during media accounts" was good cause to issue a protective order maintaining the confidentiality of the deposition videotapes).

A party's right to videotape a deposition is not unfettered and should be balanced against the witness' interests in being free of harassment. Ms. Paz is not a central witness in the *CAP* Action and many other witnesses in Cincinnati, Ohio – where the alleged improper disclosure occurred – already have been deposed. Moreover, Ms. Paz would still be deposed and CAP would have a transcript of the deposition. Under these circumstances, this Court should enter a protective order precluding CAP from videotaping Ms. Paz's deposition. *See Citizens for Responsibility and Ethics in Washington v. Cheney*, 580 F. Supp. 2d 168, 183-184 (D.D.C. 2008) (entering protective order precluding a plaintiff from videotaping the depositions of two government employees where there was no request to seal the written transcript).

At a minimum, Ms. Paz respectfully requests that this Court enter a protective order stating that the videotape recording of Ms. Paz's deposition shall be held as confidential and

limiting access to the attorneys of record in the *CAP* Action.[3] Courts hold that there is good cause to enter protective orders prohibiting the public dissemination of deposition videos where there is a risk that the videos will be used to inaccurately portray deponents in an "embarrassing and humiliating light." *Larson v. American Family Mutual Insurance Company*, No. 06-cv-01355-PSF-MEH, 2007 WL 622214, *1 (D. Colo. Feb. 23, 2007) (entering a protective order that "video depositions taken in this case not be publicly disseminated at any time, except as to those portions of any video depositions actually admitted at trial.").[4]

For the foregoing reasons, Ms. Paz's motion should be granted.

WHEREFORE, Ms. Paz respectfully requests that this Court:

A. Enter a protective order precluding CAP from videotaping Ms. Paz's deposition or modify the deposition subpoena to state that Ms. Paz's deposition should be recorded solely by stenographic means.

B. In the alternative, enter a protective order designating the videotape of Ms. Paz's deposition confidential and prohibiting it from being disseminated to anyone other than the attorneys of record in the *CAP* Action.

---

[3] The video should be limited to attorneys of record and not the parties. While Ms. Paz is not suggesting that CAP would disseminate the tape or otherwise act inappropriately, given the politically charged environment surrounding these issues, the harassment that Ms. Paz has endured, and the difficulty of enforcing a Court order on an organization that may not be subject to this Court's jurisdiction, we believe this would be a fair result. CAP would have access to the transcript, and it would have no need to have a copy of the video.

[4] *See also Hobley v. Burge*, 225 F.R.D. 221, 225 (N.D. Ill. 2004) (precluding plaintiff from releasing deposition videos and transcripts to the media "in order to portray them unfairly as asserting their Fifth Amendment right in order to conceal misconduct"); *American Family Mutual Insurance Company v. Minor*, No. 06-cv-02288-LTB-MJW, 2007 WL 4365694 (D. Colo. Dec. 10, 2007) (entering protective order preventing dissemination, use, or distribution of depositions outside of litigation where deponents "opposed to having their images and testimony aired on television and/or shown to groups of people not associated with this case").

Dated:  October 23, 2014	Respectfully Submitted,

*[signature]*
Brigida Benitez (DC 446444)
Erica Gerson (DC 494670)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  (202) 429-3000
bbenitez@steptoe.com
egerson@steptoe.com

*Counsel for Holly Paz*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of October, 2014, a copy of the foregoing Emergency Motion to Modify Deposition Subpoena and Motion for Protective Order was served by U.S. Mail and electronic mail upon the following parties.

Brigida Benitez
STEPTOE & JOHNSON LLP

**ATTORNEYS FOR CITIZEN AWARENESS PROJECT, INC.**

John Stuart Zakhem
Shawn Toomey Sheehy
John Louis Skari , Jr.
Jackson Kelly, PLLC-Denver
1099 18th Street
Suite 2150
Denver, CO 80202
303-390-0003
Fax: 303-390-0177
Email: jszakhem@jacksonkelly.com
Email: ssheehy@hvjlaw.com
Email: jlskari@jacksonkelly.com

Jason Brett Torchinsky
Shawn Toomey Sheehy
Holtzman Vogel Josefiak, PLLC
45 North Hill Drive
Suite 100
Warrenton, VA 20186
540-341-8808
Fax: 540-341-8809
Email: jtorchinsky@hvjlaw.com

- 2 -

**ATTORNEYS FOR THE UNITED STATES OF AMERICA:**

Paul Andrew Allulis
U.S. Department of Justice-DC-4th Street
555 4th Street, NW
Room 6235
Washington, DC 20001
202-514-5880
Fax: 202-514-9868
Email: paul.a.allulis@usdoj.gov

Mara Anne Strier
U.S. Department of Justice-DC-Tax Division-#683
P.O. Box 683
555 4th Street NW
Washington, DC 20044-0683
202-514-5886
Fax: 202-514-9868
Email: mara.a.strier@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZEN AWARENESS PROJECT, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter comes before the Court on Holly O. Paz's Emergency Motion to Modify Deposition Subpoena and Motion for Protective Order. Upon consideration of Ms. Paz's Motion, any response to the Motion, the applicable law, the entire record herein, and for good cause shown, it is hereby:

ORDERED that the Emergency Motion to Modify Deposition Subpoena and Motion for Protective Order is GRANTED; it is further

ORDERED that Citizen Awareness Project, Inc. may record Ms. Paz's deposition solely by stenographic means.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZEN AWARENESS PROJECT, INC., | )<br>)<br>) |
| *Plaintiff*, | )<br>)   Case No. |
| v. | )<br>)<br>) |
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| *Defendant.* | )<br>) |

## DECLARATION OF HOLLY O. PAZ

I, Holly O. Paz, declare as follows:

1. I have personal knowledge of the facts set forth below.

2. This declaration is being made in support of an Emergency Motion to Modify Deposition Subpoena and Motion for Protective Order.

3. During the time period relevant to the underlying action, I served as Director of Exempt Organizations Rulings and Agreements at the Internal Revenue Service ("IRS").

4. Since May 2013, I have been subjected to continued harassment, oppression and intimidation, including threats of bodily harm to me and my family, including my young children.

5. I have received threatening phone calls, messages and visits to my home. The harassment has been so unrelenting that I changed my home telephone number.

6. For example, a stranger claiming to be a reporter harassed and followed my son home from the school bus.

**EXHIBIT 1**

7. On another occasion, a man claiming to be a process server tried to force his way into my home, causing my children to become fearful and retreat to hide in their rooms. The police escorted the man away from my home.

8. Recently, two men came to my home and knocked on the door several times throughout the day. One of the men carried a device to record any potential conversation. I contacted the police and the Treasury Inspector General for Tax Administration to report these individuals who were outside of my home.

9. On another occasion, a man who I do not know sent an email to my lawyer enclosing pictures of himself and expressing interest in meeting me to pursue a relationship.

10. Members of the public have used photographs and clips from a training video that I appeared in at the IRS to bully, harass, and ridicule me.

11. I am fearful that the video of my deposition will be obtained by the media, bloggers or other members of the public and used as another means of harassment and intimidation.

12. I have no objection to testifying at a deposition.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on October 23, 2014 in Washington, D.C.

By: _____
Holly O. Paz



701 8th Street N.W., Suite 700
Washington, D.C. 20001
Telephone: 202-220-6900
Fax: 202-220-6945
www.lockelord.com

Roel C. Campos, Esq.
Partner
Direct Telephone: 202.220.6931
Email: rcampos@lockelord.com

Attorneys & Counselors

August 27, 2013

Chairman Darrell Issa
House of Representatives Committee
on Oversight and Government Reform
2157 Rayburn House Office Building
Washington, DC 20515-6143

Chairman Jim Jordan
House of Representatives Subcommittee
on Economic Growth, Job Creation and Regulatory Affairs
2157 Rayburn House Office Building
Washington, DC 20515-6143

Dear Chairman Issa and Chairman Jordan,

As legal counsel for Ms. Holly Paz, I provide an initial response from Ms. Paz to your letter to her, dated August 20, 2013 (hereafter, referred to as "your letter" or "your letter of August 20"). In your letter, you state that you have "uncovered additional information that appears to contradict your [Ms. Paz's] testimony in several areas relevant to the Committee's investigation."

Let me state emphatically, Ms. Paz testified truthfully to the best of her recollection. Ms. Paz has at all times cooperated completely with your Committee, other Congressional committees, TIGTA, the Department of Justice, and IRS investigators. She agreed to be interviewed by your Committee despite being given only four days to refresh her recollection of events spanning over three years. On May 21, she voluntarily submitted herself to nearly seven hours of interrogation with minimal breaks.

Despite Ms. Paz's full cooperation, you chose to publicly attack her truthfulness through your letter and press release, providing little opportunity for me and Ms. Paz to provide her explanations publicly at the same point in time as your allegations of inconsistencies. If your objective was to reconcile efficiently what you thought were inconsistencies in testimony, your staff could have simply contacted me, on behalf of Ms. Paz directly, and requested a follow-on interview. In that way any questions could have been resolved promptly, with Ms. Paz's explanations being on the record and available for publication with your questions. Having cooperated at all times to date, Ms. Paz would have agreed to another interview and responded fully. This type of one-side public attack adds to the physical danger faced by Ms. Paz and her family.

**EXHIBIT 2**

Chairman Issa and Chairman Jordan
August 27, 2013
Page 2

Because of prior inaccurate reports and allegations, Ms. Paz and her family have received threatening phone calls, messages, and visits at their home. Her oldest son jumps every time the home phone rings because he has heard the threatening messages. Her son was followed home from the school bus and harassed by a stranger claiming to be a reporter. Ms. Paz's sons had to hide up in their room one night when a process server tried to force his way into Ms. Paz's home and would not leave until escorted away by the police. These are but a few examples of the many forms of harassment to which the Paz family has been subjected. Your letter and accompanying press release recklessly adds to the danger and damage to Ms. Paz and her family.

Your claims of inconsistencies are supposedly supported by the testimony of other IRS witnesses. However, those witnesses' transcripts have not been made available to me or Ms. Paz. My prior request to your Committee to view the transcripts of other IRS witnesses, which have previously been shared with the media, was denied by your staff. If Ms. Paz is to explain other witnesses' testimony, it is important to understand the context of that testimony and whether other statements made by those witnesses bear on the purported inconsistencies described in your letter. Confronting an accuser and reviewing their testimony is a fundamental constitutional right.

Moreover, Ms. Paz has not been allowed a copy of her own interview transcript. The Committee would only allow us to view her transcript in your offices under the watchful eye of one of your staffers, after it had already been made available to the media. We were even instructed that we were only permitted to take very limited notes of the transcript's contents. You also chose not to provide Ms. Paz and me copies of the emails and documents you cite in support of your concerns.

Accordingly, to enable Ms. Paz to respond fully and accurately to your contentions, I respectfully request that you promptly produce to Ms. Paz and me all of the materials relied upon by your staff in making the allegations in your letter, including, but not limited to, the items described in "Attachment 1" to this letter.

If we are not provided with these materials promptly, Ms. Paz will respond to the best of her ability to your letter of August 20, in a separate letter before the deadline you imposed of September 3, 2013.

Chairmen Issa and Jordan, I submit to you that the facts surrounding this IRS investigation clearly show that Holly Paz has at all times been an outstanding public servant and did nothing wrong. During much of the period being examined, she was not in a supervisory role in EO Rulings & Agreements, as she was on two separate maternity leaves of absence within that timeframe. The facts clearly show that Holly Paz had nothing to do with the creation or the use of political or other descriptive labels by the IRS. She worked tirelessly to correct the inappropriate use of labels by the Service for both conservative and progressive groups. When she became aware of the use in the field of inappropriate criteria, she elevated the concern to her supervisors and thereafter helped direct corrective actions. Ms. Paz drafted a written instruction in 2012 regarding the use of a lookout list in examining applications that the Inspector General found laudable and recommended that her instructions be memorialized as part of IRS written procedures. In the same way, she was part of a team that worked diligently to overcome the

Chairman Issa and Chairman Jordan
August 27, 2013
Page 3

backlog and expedite approvals, where possible, of applications for 501(c)(4) status for both conservative and progressive groups. Ms. Paz deserves praise and not the abuse she has received.

Holly Paz in many respects embodies the best characteristics of "every day" Americans. She is from a modest income family, the daughter of a social worker and a professor at a small college in rural Pennsylvania. Through hard work she was admitted to a well-known law school and worked for several years in large prestigious law firms. Seeking to serve the public, she left a lucrative law firm position to help taxpayers at the IRS's Taxpayer Advocate Service, where she began her IRS career.

Chairmen Issa and Jordan, all Americans, whatever their political or chosen affiliations and faiths, deserve and expect fairness and due process from their government. As we all know, American courts demand that government officials not poison public opinion against individuals during an investigation. You and your Congressional Committee have immunities and powers that are not subject to normal judicial review. However, you should rise to the high trust the electorate has placed in you, and be scrupulous in treating fairly all citizens that you call as witnesses through your Committee process.

Surely, Holly Paz and all the IRS public servants deserve a fair process that allows their side to be heard. Most critically, you should conduct your Committee's business in a manner that does not place Holly Paz, her family, and other IRS witnesses and their families in harm's way.

Sincerely,

Roel C. Campos

Chairman Issa and Chairman Jordan
August 27, 2013
Page 4

## ATTACHMENT 1

### (to Letter dated August 27, 2013 from Mr. Roel Campos]

Please deliver the following items in electronic form or in paper copies to the address below that are referenced in your letter of August 20:

1. Full Transcribed Interview of Holly Paz (May 21, 2013);

2. Full Transcribed Interview of Lucinda Thomas (June 28, 2013);

3. Full Transcribed Interview of Elizabeth Kastenberg (July 31, 2013);

4. Full Transcribed Interview of Mike Seto (unknown date of interview);

5. Full Transcribed Interview of Ron Shoemaker (unknown date of interview);

6. Full Transcribed Interview of Carter Hull (unknown date of interview);

7. Full Transcribed Interview of Elizabeth Hofacre (May 31, 2013);

8. Full Transcribed Interview of Ron Bell (June 13, 2013);

9. Email referred to in page 2 of your letter, "Ms. Thomas' testimony that she sent you an email shortly after the January 2012 changes in the BOLO".

10. Email cited in Footnote 11 of your letter, Email from Cindy Thomas to Holly Paz, March 16, 2011. [IRSR8593-8599].

11. Email cited in Footnote 16 of your letter, Email from Holly Paz to Janine Cook and Nancy Marks, July 19, 2011. [IRSR14372-14373].

12. Memo cited in Footnote 20 of your letter, TIGTA Memo of Contact, Information on involvement in the advocacy emerging issue for timeline, August 6, 2012 (participants Liz Hofacre, Holly Paz, TIGTA Audit Manager, TIGTA Senior Auditor).

Please deliver the foregoing items to the following address:

Roel C. Campos
Partner
Locke Lord LLP
701 8th St, N.W., Suite 700
Washington, DC 20001
rcampos@lockelord.com

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | | |
|---|---|---|
| CITIZEN AWARENESS PROJECT, INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 13-cv-2127-WJM-BNB |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: HOLLY PAZ

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Offices of Holtzman Vogel Josefiak PLLC, 1010 Wisconsin Ave, NW, Suite 530, Washington, DC 20007 | Date and Time: 10/28/2014 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenograph and Video Tape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/25/14

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*       OR       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Citizen Awareness Project, Inc. _____, who issues or requests this subpoena, are:
John S. Zakhem, Esq. and John L. Skari, Jr., Esq. Jackson Kelly PLLC, 1099 18th St., Suite 2150, Denver, CO, 80202, jszakhem@jacksonkelly.com, 303-390-0003

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 3**

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 13-cv-2127-WJM-BNB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).